UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE:<br>    LINDER OIL COMPANY, A<br>    PARTNERSHIP,<br>        DEBTOR<br><br>LUCY G. SIKES, CHAPTER 7 TRUSTEE<br>and THE CADLE COMPANY II, INC.,<br>        PLAINTIFFS<br><br> VERSUS<br><br>BLUE CROSS BLUE SHIELD<br>FOUNDATION,<br>        DEFENDANT | CASE NO. 17-51323<br><br>CHAPTER 7 CASE<br><br>ADVERSARY PROCEEDING<br>NO.: 19-05090 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' COMPLAINT IN THE ADVERSERIAL PROCEEDING**

**NOW INTO COURT**, through undersigned counsel, comes Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA"), incorrectly named as Blue Cross Blue Shield Foundation, who files this Answer and Affirmative Defenses to Lucy G. Sikes, Chapter 7 Trustee ("Trustee"), and the Cadle Company, II, Inc.'s ("Cadle") (collectively referred to as Plaintiffs) Complaint for Damages, respectfully representing as follows:

**First Affirmative Defense**

Plaintiffs fail to state a claim for which relief can be granted.

**Second Affirmative Defense**

The Trustee has no cause of action to avoid the transfers pursuant to 11 U.S.C. §§ 457 and 549 as it is not for the benefit of the estate but for a secured creditor, Cadle only.

**Third Affirmative Defense**

The Trustee has no right of action to avoid the transfers pursuant to 11 U.S.C. §§ 457 and 549 as it is not "stepping into the shoes" of an unsecured creditor but is asserting rights for a secured creditor, Cadle only.

**Fourth Affirmative Defense**

Linder Oil Company, A Partnership ("Debtor"), paid premiums to BCBSLA in exchange for the coverage of health benefits as outlined in the health benefit plans. The relevant policy periods in this matter are August 31, 2017 through September 1, 2017 and August 31, 2018 through September 1, 2018. The health benefit plan documents provided by BCBSLA to the Debtor are attached hereto and incorporated herein as Exhibits A and B. Pursuant to the Debtor's health benefit plan, the Debtor paid premiums to BCBSLA for its active employees each month. The premium payments were due on the first of each month. When the premiums were paid, coverage was perfected through BCBSLA until the end of the month. BCBSLA would pay covered benefits pursuant to the terms and conditions of the health benefit plan on behalf of the Debtor's employees. When the payments were received from Debtor and processed by BCBSLA, BCBSLA paid health benefits for covered services for Debtor's active employees. The Debtor received present value, i.e., payment of health benefits under the health benefit plan for the payment of the premiums.

2

### Fifth Affirmative Defense

The payment of premiums by the Debtor to BCBSLA and BCBSLA's payment of benefits pursuant to the benefit plans was a contemporaneous exchange for new value given to the Debtor (health benefit coverage and payment of benefits for the months of July, August, and September of 2017). In addition, the health insurance premiums paid by the Debtor were debts incurred in the ordinary course of business or financial affairs of the Debtor and BCBSLA, the transferee. As such, the transfers were contemporaneous exchanges for new value and made in the ordinary course of business or financial affairs of the Debtor and cannot be avoided.

### Sixth Affirmative Defense

As to Count II of the Complaint, BCBSLA did not convert property owned by Cadle. "Conversion is an intentional tort consisting of taking with the intent of exercising over the chattel an ownership inconsistent with the real owner's right of possession." BCBSLA did not "take" and exercise control over the money transferred. The Debtor incurred debt to BCBSLA that arose in the normal course of business and was paid to BCBSLA by the Debtor. Cadle was not the owner of the money – instead, Linder was the owner of the money at the time of the transfers. The Trustee's and Cadle's claims have no merit and should be dismissed.

### Seventh Affirmative Defense

As to Count III of the Complaint, BCBSLA shows, alleges, and avers that Plaintiffs cannot produce sufficient evidence that the Debtor was insolvent at the time of the transfers or became insolvent as a result of the transfers; and Debtor received value

3

and/or at the minimum "reasonably equivalent" the value (health care benefits for its employees) for the transferred property (money). 11 U.S.C. § 548(a)(1)(B).

**Eighth Affirmative Defense**

As to Count IV of the complaint, BCBSLA shows, alleges, and avers that Plaintiffs cannot produce sufficient evidence that the Debtor was insolvent at the time of the transfers or became insolvent as a result of the transfers; and Debtor received value and/or at the minimum "reasonably equivalent" the value (health care benefits for its employees) for the transferred property (money). 11 U.S.C. § 548(a)(1)(B).

**Ninth Affirmative Defense**

As to Counts III and IV, BCBSLA shows, alleges, and avers that there was consideration for the transfers; there was no family, friendship, or close associate relationship between the parties; Debtor did not retain possession, benefit, or use of the money in question; the financial condition of BCBSLA and the transaction in question was basically unchanged. BCBSLA further shows, alleges, and avers that there was no existence or cumulative effect of a pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors against Debtor; therefore, there are no badges of fraud in this case as alleged by Plaintiffs.

**Tenth Affirmative Defense**

As to Count V of the Complaint, Cadle and the Trustee allege that they are entitled to avoidance under 11 U.S.C. § 544(b) and La. C.C. art. 2036. BCBSLA shows, alleges, and avers that the Debtor paid lawful debts and did not defraud Cadle or other creditors with

4

its payments of health insurance premiums to BCBSLA. Louisiana Civil Code Article 2036 does not allow for the revocation of an act that merely gives preference to one creditor over another, which is what happened in this matter. The transfers by the Debtor did not increase its insolvency, but decreased its insolvency, if any, by the amounts paid to BCBSLA.

## Eleventh Affirmative Defense

As to Counts VII and VIII of the Complaint, Plaintiffs cannot recover under 11 U.S.C. § 550, as the transfers are not avoidable and will not be disallowed, so the issue of recovery is moot. In addition, where Cadle, a secured creditor, has no independent claim to property, money transferred, Cadle cannot improve its position because of the Trustee's exercise of avoiding powers and assert an additional claim by claiming it from the Trustee if the Trustee could recover it. Cadle has no independent cause of action against BCBSLA; therefore, Cadle claims in Count VII and VIII are without merit.

## Twelfth Affirmative Defense

Plaintiffs are not entitled to recover penalties, damages, or attorney's fees in this matter.

## Thirteenth Affirmative Defense

BCBSLA denies that it has committed any unlawful practices and denies that Plaintiff has suffered any damages at the fault of BCBSLA. In the alternative, BCBSLA asserts that Plaintiffs failed to mitigate their damages as required by law.

**Fourteenth Affirmative Defense**

Any and all factual allegations, legal conclusions, or inferences therefrom contained in the Complaint are hereby denied unless specifically and expressly admitted.

**Fifteenth Affirmative Defense**

In answering the Complaint, BCBSLA is not certain which affirmative defenses may apply as this matter proceeds to trial. BCBSLA reserves to itself all additional defenses available under the Plan, and based on further investigation. BCBSLA also reserves the right to add additional affirmative defenses throughout the course of this case. BCBSLA will dismiss any affirmative defense that does not appear to be reasonably supported by the facts and/or the law at the pretrial conference.

**AND NOW**, answering the individual allegations of the Complaint, BCBSLA represents as follows:

1.

BCBSLA admits the allegations of Paragraph 1 of the Complaint.

2.

BCBSLA admits the allegations of Paragraph 2 of the Complaint.

3.

BCBSLA admits the allegations of Paragraph 3 of the Complaint.

4.

BCBSLA admits the allegations of Paragraph 4 of the Complaint.

6

5.

BCBSLA admits the allegations of Paragraph 5 of the Complaint.

6.

BCBSLA denies the allegation of Paragraph 6 of the Complaint as Blue Cross Blue Shield Foundation was incorrectly named as the defendant.  Further responding, BCBSLA is incorporated as Louisiana Health Service & Indemnity Company.

7.

BCBSLA denies the allegations of Paragraph 7 of the Complaint for lack of sufficient information to justify a belief therein.

8.

BCBSLA denies the allegations of Paragraph 8 of the Complaint for lack of sufficient information to justify a belief therein.

9.

BCBSLA denies the allegations of Paragraph 9 of the Complaint for lack of sufficient information to justify a belief therein.

10.

BCBSLA denies the allegations of Paragraph 10 of the Complaint for lack of sufficient information to justify a belief therein.

11.

BCBSLA denies the allegations of Paragraph 11 of the Complaint for lack of sufficient information to justify a belief therein.  Further answering, BCBSLA shows,

alleges, and avers that Paragraph 11 is a legal opinion of the effects of the court order which require no answer on behalf of this defendant.

12.

BCBSLA denies the allegations of Paragraph 12 of the Complaint for lack of sufficient information to justify a belief therein.

13.

BCBSLA denies the allegations of Paragraph 13 of the Complaint for lack of sufficient information to justify a belief therein.

14.

BCBSLA denies the allegations of Paragraph 14 of the Complaint as written. BCBSLA admits that it did receive three payments from Debtor on the dates and in the amounts listed on Exhibit A attached to the Complaint.

15.

BCBSLA denies the allegations of Paragraph 15 of the Complaint for lack of sufficient information to justify a belief therein.

16.

BCBSLA denies the allegations of Paragraph 16 as written. BCBSLA admits that it did receive three payments from Debtor on the dates and in the amounts listed on Exhibit A attached to the Complaint.

17.

BCBSLA shows, alleges, and avers that the allegations of Paragraph 17 require no answer on behalf of this Defendant. However, if an answer is deemed necessary, BCBSLA denies the allegations of Paragraph 17 of the Complaint as written.

18.

BCBSLA denies the allegations of Paragraph 18 of the Complaint for lack of sufficient information to justify a belief therein.

19.

BCBSLA denies the allegations of Paragraph 19 of the Complaint for lack of sufficient information to justify a belief therein.

20.

BCBSLA denies the allegations of Paragraph 20 of the Complaint for lack of sufficient information to justify a belief therein.

21.

BCBSLA denies the allegations of Paragraph 21 of the Complaint for lack of sufficient information to justify a belief therein.

22.

BCBSLA denies the allegations of Paragraph 22 of the Complaint.

23.

BCBSLA denies the allegations of Paragraph 23 of the Complaint.

24.

BCBSLA denies the allegations of Paragraph 24 of the Complaint.

25.

BCBSLA denies the allegations of Paragraph 25 of the Complaint.

26.

BCBSLA denies the allegations of Paragraph 26 of the Complaint as written.

27.

BCBSLA denies the allegations of Paragraph 27 of the Complaint.

28.

BCBSLA denies the allegations of Paragraph 28 of the Complaint.

29.

BCBSLA denies the allegations of Paragraph 29 of the Complaint for lack of sufficient information to justify a belief therein.

30.

BCBSLA denies the allegations of Paragraph 30 of the Complaint.

31.

BCBSLA denies the allegations of Paragraph 31 of the Complaint.

32.

BCBSLA denies the allegations of Paragraph 32 of the Complaint.

33.

BCBSLA denies the allegations of Paragraph 33 of the Complaint as written.

34.

BCBSLA denies the allegations of Paragraph 34 of the Complaint.

35.

BCBSLA denies the allegations of Paragraph 35 of the Complaint.

36.

BCBSLA denies the allegations of Paragraph 36 of the Complaint.

37.

BCBSLA denies the allegations of Paragraph 37 of the Complaint for lack of sufficient information to justify a belief therein.

38.

BCBSLA denies the allegations of Paragraph 38 of the Complaint.

39.

BCBSLA denies the allegations of Paragraph 39 of the Complaint.

40.

BCBSLA denies the allegations of Paragraph 40 of the Complaint.

41.

BCBSLA denies the allegations of Paragraph 41 of the Complaint.

42.

BCBSLA denies the allegations of Paragraph 42 of the Complaint for lack of sufficient information to justify a belief therein.

43.

BCBSLA denies the allegations of Paragraph 43 of the Complaint for lack of sufficient information to justify a belief therein.

44.

BCBSLA denies the allegations of Paragraph 44 of the Complaint for lack of sufficient information to justify a belief therein.

45.

BCBSLA denies the allegations of Paragraph 45 of the Complaint for lack of sufficient information to justify a belief therein.

46.

BCBSLA denies the allegations of Paragraph 46 of the Complaint.

47.

BCBSLA denies the allegations of Paragraph 47 of the Complaint.

48.

BCBSLA denies the allegations of Paragraph 48 of the Complaint.

49.

BCBSLA denies the allegations of Paragraph 49 of the Complaint.

**WHEREFORE**, BCBSLA prays that there be judgment herein in favor of Defendant and against Plaintiffs, dismissing the demand at Plaintiffs' cost, and that BCBSLA be awarded attorney's fees and costs.

Respectfully Submitted:

By:    */s/ Douglas M. Chapoton*
       Allison N. Pham (LA Bar No. 29369)
       Jessica W. Chapman (LA Bar No. 31097)
       Richard A. Sherburne (LA Bar No. 02106)
       Douglas M. Chapoton (LA Bar No. 25616)
       5525 Reitz Avenue (70809)
       Post Office Box 98029
       Baton Rouge, Louisiana 70898-9029
       Telephone:   (225) 295-2199
       Facsimile:    (225) 297-2760
       Allison.Pham@bcbsla.com
       Jessica.Chapman@bcbsla.com
       Richard.Sherburne@bcbsla.com
       Douglas.Chapoton@bcbsla.com

*Attorneys for Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading was served upon counsel of record this 3rd day of January, 2019, by U.S. Mail, postage pre-paid and properly addressed, by email, and/or by e-filing same into the CM/ECF system which will automatically deliver a copy of same to all counsel.

       */s/Douglas M. Chapoton*
       Douglas M. Chapoton

13